**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| NANCY SMITH<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA R. ALBREKTSON, M.D.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 6:26-cv-03548-MDH |

**REPLY IN SUPPORT OF MOTION TO REMAND**

Defendant Joshua Albrektson's ("Albrektson") Suggestions in Opposition fails to meaningfully engage with the controlling law requiring remand, and the facts presented by Defendant affirmatively establish that remand is the only reasonable outcome. Specifically, (1) Defendant's *Grable/Gunn* analysis remains conclusory and without citation to any persuasive authority, and (2) Defendant's ripeness/timeliness argument is self-defeating on its face. Defendant is clearly disappointed in the trial court's ruling, but whether the discovery ruling was correct is irrelevant to the removal standard that this Court must apply.

Defendant has narrowed his argument for subject-matter jurisdiction down to the "embedded federal question" doctrine discussed in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). The word "embedded" in this doctrine refers to whether a federal issue is necessarily raised by Plaintiff's state-law claim. *Id.* at 314. Defendant makes no effort to explain how any federal issue is necessarily raised by Plaintiff's claims. The inquiry is a "precise" one and requires Defendant Albrektson to "point to the specific elements of the plaintiff's state law claims that require proof under federal law." *Minn. ex rel. Ellison v. Am. Petroleum Inst.*, 63 F.4th 703, 711 (8th Cir. 2023). Defendant makes no effort to point to any element of Plaintiff's state-law claim. Instead, Defendant explains to this Court how the trial court's *Order* happens to

implicate a federal issue because it allegedly violates federal law. The distinction is clear. In *Grable*, whether the federal statute at issue had been violated was admittedly an "essential element" of the plaintiff's claim. *Id.* at 315. It was necessary to the claim. Here, Plaintiff does not allege a violation of federal law. Plaintiff's claim does not rise or fall on whether a violation of federal law is proven. Absent a showing that Plaintiff's **"state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities,"** the United States District Court has no jurisdiction to hear this matter. *Id.* at 314.

Defendant characterizes the PSQIA question as a "pure legal question" analogous to the IRS notice issue in *Grable.* It is not. The IRS notice question in *Grable* required the court to interpret the meaning of a federal statute in a way that would govern every future tax sale identically. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Comparing that to the situation at hand, the distinction is obvious. Here, no one disputes what the PSQIA means, or whether it can be invoked in state court cases. Everyone agrees PSQIA-protected materials cannot be disclosed. The August 18 Order did not hold that the PSQIA is invalid or that state courts can override federal law. It held that, after many months and many opportunities, "Defendant Albrektson has failed to show the applicability of any recognized privilege (including RSMo 537.035 or PSQIA protections for PSWP under 42 U.S.C. 299b-22) to any of the discovery at issue." This is a fact-specific finding about whether Defendant met his burden, not an interpretation of the statute's meaning. This is precisely the kind of "fact-bound and situation specific" determination that *Gunn* held does not satisfy *Grable*'s substantiality requirement. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Defendant's failure to meet the requirements of the PSQIA is not a failure that will govern any future court's evaluation of whether a party has met the requirements of the federal privilege.

Defendant argues that if this Court were to find jurisdiction and act as an appellate court to reverse the trial court's ruling on this discovery dispute, that this Court's ruling would have precedential effect in the Western District of Missouri, rendering the federal question substantial. The Supreme Court rejected this exact argument in *Gunn*. There, the Court held that a federal patent law question decided in a state malpractice case would not be sufficiently substantial even though it would have precedential effect, because it would not bind the federal patent courts that govern patent law. *Id.* at 262-63. And in that case, the federal patent law question **was explicitly part of the Plaintiff's claim**, set forth in the original pleadings, and **had to be proven** for the Plaintiff to succeed on the merits. None of those things are true here. A ruling by this Court pertaining to PSQIA privilege would not bind HHS or other circuits, and would carry only persuasive weight within this district. That is not the systemic federal importance *Gunn* requires.

Defendant contends removal was not ripe until the August 18, 2026 Order because no federal law was "violated" until that date. In making this argument, Defendant defeats his asserted path to federal jurisdiction. Under *Grable*, which Defendant relies upon, federal question jurisdiction requires the federal issue to be necessarily raised by Plaintiff's petition, not by a subsequent state court ruling. If Defendant's contention is correct, and the federal question is embedded in the August 18 Order, then it is not embedded in Plaintiff's claims and *Grable* does not apply. And if *Grable* does not apply, there is no federal jurisdiction

Defendant characterizes the trial court's Order as a "violation of federal law." What he means is that he disagrees with the trial court's ruling. The appropriate step would have been to seek relief in the Missouri Court of Appeals, not to remove the case. To the extent Defendant argues that "history is replete with federal courts having to step in to protect federal mandates when state courts ignore or act in derogation of those mandates," Defendant fails to support the claim with any historical examples. This is most likely because the examples pertain to state courts

acting in ways that violate rights enshrined in the United States Constitution, not a state court finding that a defendant failed to establish a privilege after multiple opportunities to do so. Federal intervention to protect constitutional or other rights arises from specific jurisdictional grants expressly provided by the constitution or Congress – none of which exist here. The PSQIA provides no private cause of action, no federal cause of action, and no express removal mechanism. Defendant's invocation of historical federal intervention to protect constitutional mandates has no application to the failed invocation of a discovery privilege in a state-court malpractice case.

Finally, Defendant's removal theory is objectively unreasonable. Defendant violated *Mottley*, a rule taught in every first-year Civil Procedure course and reaffirmed by the Supreme Court for over a century. He filed a notice of removal containing the very timeline that establishes its untimeliness. And although the PSQIA has been in effect for over twenty years, Defendant cites not a single case in which any court has endorsed this theory. Finally, Defendant inverts the *Martin* standard entirely by arguing that the absence of a case expressly *prohibiting* this removal theory demonstrates its reasonableness. The *Martin* inquiry is whether an objectively reasonable basis for removal existed, not whether removal was expressly forbidden.

WHEREFORE, for the reasons stated herein, plaintiff respectfully requests this cause be remanded to the Circuit Court of Greene County, Missouri and for her costs and attorney fees in responding to Defendant Albrektson's improper removal.

**Respectfully submitted,**

**GORNY DANDURAND, LC**

**By:** ***/s/ Christopher D. Dandurand***
**STEPHEN M. GORNY MO #45417**
**CHRISTOPHER D. DANDURAND MO #63775**
**4330 Belleview Avenue, Suite 200**
**Kansas City, MO 64111**
**(816) 756-5071 – Telephone**
**(816) 756-5067 – Facsimile**

steve@gornylawfirm.com
chris@gornylawfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2026, this document was filed electronically with the Clerk of court using the CM/ECF system which will provide notice of electronic filing to all counsel of record.

By: /s/ Christopher D. Dandurand
ATTORNEY FOR PLAINTIFF